

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Cullen B. Vance
County Attorney
Jackson County
Edna, Texas

Dear Sir:

Opinion No. O-4973
Re: Under the facts submitted would
a county clerk, upon volunteer-
ing or being inducted into the
military service, be authorized
to have his wife appointed de-
puty county clerk to serve in
his absence, without violating
the provisions of the Nepotism
Law?

Your letter of recent date requesting the opinion
of this department on the above stated question reads as fol-
lows:

"Will you kindly give me an opinion as to
whether or not a County Clerk, upon either volun-
teering or being inducted into military service,
would be authorized to have his wife appointed
Deputy County Clerk to serve in his absence, with-
out violating the provisions of the Nepotism law,
his wife, if appointed, to be paid by the County
Clerk out of compensation now derived from the of-
fice and with no additional expense to the County.

"In other words, if an appointment of this
nature is permissible without violating the pro-
visions of the Nepotism law, the Clerk would con-
tinue to draw his own salary and compensation and
would pay his wife out of that compensation.

". . . ."

Articles 432-438, Vernon's Annotated Penal Code are
the statutes pertaining to nepotism in this State. For the
purposes of this opinion we do not deem it necessary to quote
these Articles.

Honorable Cullen B. Vance, Page 2

This department has heretofore ruled on a question almost identical with the one presented in your inquiry and on numerous other questions similar to your question.

On July 21, 1927, this department rendered an opinion written by Honorable H. Grady Chandler, Assistant Attorney General, addressed to Mr. Leo Malloy, County Clerk, Paint Rock, Texas, holding that a county clerk cannot appoint his wife as deputy.

On April 26, 1932, this department rendered an opinion written by Honorable Scott Gaines, Assistant Attorney General, addressed to Mr. Wardlow Lane, County Attorney, Center, Texas, holding that a sheriff may not appoint his son as a deputy sheriff though the son makes no charge for his services and is compensated in no manner, directly or indirectly, out of or from public funds or fees of office of any kind or character whatsoever.

On March 2, 1932, this department held in an opinion written by Honorable Bruce W. Bryant, First Assistant Attorney General of Texas, addressed to Honorable Joe P. Flack, County Attorney, Menard, Texas, that it is not a violation of the Nepotism Law, (Articles 432 and 433, Penal Code of Texas) for the wife of the sheriff and tax collector to do clerical work in his office without compensation and without being appointed a deputy. However, she may not sign the tax and other receipts in the name of her husband.

This department held in opinion No. O-31 that the appointment by the county and district clerk of Motley County of his wife as a deputy county and district clerk of said county, strictly without remuneration, either directly or indirectly, would be a violation of the Nepotism Statute, as set out in Article 432 of the Penal Code.

Therefore, you are respectfully advised that the County Clerk of Jackson County cannot appoint his wife as deputy county clerk.

Trusting the foregoing fully answers your inquiry,

we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

APPROVEDNOV 20, 1942

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

AW:mp

APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN